IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, ) | |
| AIS #177281, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-266-MHT |
| ) | [WO] |
| ) | |
| JUDGE SIBLEY G. REYNOLDS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James Calvin Frazier ("Frazier"), an indigent state inmate presently incarcerated at the J. O. Davis Correctional Facility. In the instant complaint, Frazier challenges the constitutionality of actions taken by Judge Sibley G. Reynolds in a 2007 criminal case proceeding on an indictment issued by the Chilton County Grand Jury for felony DUI, a charge to which Frazier entered a guilty plea. Specifically, Frazier alleges that due to the reversal of this conviction by the Alabama Court of Criminal Appeals in March of 2013 Judge Reynolds subjected him to "False Imprisonment. Fraud. Misrepresentation. Deceit and Suppression." *Complaint - Doc. No. 1* at 2.[1]

---

[1] Frazier states that he filed a complaint in the Circuit Court of Chilton County, Alabama raising the same claims for relief against Judge Reynolds. *Complaint - Doc. No. 1* at 3. Frazier advises that the state circuit court "dismissed his complaint" and such dismissal was affirmed on appeal by the Alabama Court of Civil Appeals and the Alabama

## II. DISCUSSION

Upon initiation of this case, Frazier filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The records of this court establish that Frazier, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Frazier v. Fuller*, Case No. 2:12-CV-155-TMH-WC (M.D.

---

Supreme Court. *Id*. at 4. Frazier seeks to "file appeal in this Court from" the decision of the Alabama Supreme Court. *Id*.

[2] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

Ala. 2012); (2) *Frazier v. Fuller*, Case No. 2:11-CV-159-TMH-WC (M.D. Ala. 2011); and (3) *Frazier v. Fuller*, Case No. 2:11-CV-81-WHA-WC (M.D. Ala. 2011).

In the instant complaint, Frazier challenges actions undertaken by Judge Reynolds in a criminal case over which he presided and the decisions of the state courts in dismissing a subsequent civil case against Judge Reynolds. These allegations utterly and completely fail to demonstrate that Frazier was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).). Based on the foregoing, the court concludes that Frazier's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Frazier failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by James Calvin Frazier

(Doc. No. 2) be DENIED.

2.  This case be DISMISSED without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 11, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of April, 2015.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE